Because the issue in this case was not addressed in State v.Cook, I must respectfully dissent. The syllabus is the law pronounced in a case before the Ohio Supreme Court. The Cook
syllabus states as follows:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
The court very clearly limited its holding to the two retroactivity issues. All discussion in the text of the reporting requirements only goes to the issue of retroactivity-"the registration and verification requirements are remedial in nature and do not violate the ban on retroactive law * * *."[1]
The issue discussed in this court's Boeddeker[2] decision was not addressed in Cook, for the simple reason that it was not presented. Mr. Cook had been found a sexual predator, not a sexually-oriented offender, so the issue of registration requirements for the latter class of offenders did not arise in that case. It remains for the Ohio Supreme Court to rule on the issue presented in this case. I trust they will do so with all dispatch.
Our discussion in Boeddeker, in which we stated the exact opposite of the conclusion reached by the majority above, is seemingly abrogated. While the majority may have reached the correct result, I dissent because I do not believe that we can base it on the Cook decision, and because I believe this issue should be decided by the Ohio Supreme Court.
Please Note:
The court has recorded its own entry on the date of the release of this Decision.
[1] State v. Cook (1998), 83 Ohio St.3d 404, 412,700 N.E.2d 570, 578.
[2] State v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported, appeal not allowed, (1998) 82 Ohio St.3d 1430,694 N.E.2d 980.